Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000653
21-NOV-2013
08:14 AM

NO. CAAP-12-0000653

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CELESTE MANDERVILLE, Plaintiff-Appellee,
v.
RALPH D. BLACK, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1RC12-1-994)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Ralph Black (Black) appeals from an Order Denying Defendant's Motion to Set Aside Default Judgment filed on July 2, 2012, by the District Court of the First Circuit, Honolulu Division (district court).[1]

The case arises from Plaintiff-Appellee Celeste Manderville's (Manderville) claim that she paid Black a $2,500 deposit for legal services, but that Black did not perform the services and refuses to reimburse the moneys paid. Manderville filed a complaint against Black on February 16, 2012. Rather than personally serving the complaint and summons on Black, Manderville sent a certified copy of the complaint and summons to Black via certified mail at his P.O. Box address on the Island of Lana'i. Black did not appear at a March 12, 2012 hearing and the district court thereupon entered default judgment against Black.

---

[1] The Honorable Hilary Benson Gangnes presided.

On appeal, Black contends that service upon him was defective and thus the district court erred in not setting aside the default judgment as void under District Court Rules of Civil Procedure (DCRCP) Rule 60(b)(4) (2006).[2] Manderville, on the other hand, argues that service on Black was proper under applicable statutes.[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Black's point of error as follows.

The default judgment in this case is void because service of the complaint and summons upon Black by certified mail is not permitted under DCRCP Rule 4(d) (1996) or any applicable statute. For a trial court to exercise personal jurisdiction over a defendant, a defendant must be properly served a copy of the summons and complaint. See Citicorp Mortg., Inc. v. Bartolome, 94 Hawai'i 422, 430, 16 P.3d 827, 835 (App. 2000) (regarding service under Hawai'i Rules of Civil Procedure (HRCP) Rule 4(d), which is substantially similar to DCRCP Rule 4(d)).

DCRCP Rule 4(d) provides in relevant part:

**Rule 4. Process**

. . .

   **(d) Same: Personal service.** The summons and complaint shall be served together. The plaintiff shall furnish the

---

[2]  DCRCP Rule 60(b)(4) states in relevant part:

**Rule 60.  Relief From Judgment or Order**

. . .

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void[.]

[3]  In the district court's written order denying Black's motion to set aside the default judgment, the basis for the order is stated to be that "neglect by defendant Ralph Black, who is an attorney, was not excusable." However, at the July 2, 2012 hearing on the motion, the district court also indicated its belief that service by certified mail was allowed pursuant to Hawai'i Revised Statutes ("HRS") § 634-36 (1993).

2

person making service with such copies as are necessary. Service shall be made as follows:

(1) Upon an individual other than an infant or an incompetent person, (i) by delivering a copy of the summons and of the complaint to that individual personally or in case the individual cannot be found by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or (ii) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

. . .

(8) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute.

DCRCP Rule 4(d)(1) sets forth the requirements under the rule for service of process on an individual. The parties do not dispute that DCRCP Rule 4(d)(1) does not allow for service by certified mail.

The parties dispute, however, whether service by certified mail is allowed pursuant to DCRCP Rule 4(d)(8) and, as referenced therein, applicable statutes. Hawaii Revised Statutes (HRS) § 634-36 (1993) provides in pertinent part:

§634-36 **Manner of service under sections 634-33 to 36.** When service of summons is provided for by section 634-33, 634-34, or 634-35, service shall be made by service upon the defendant personally by any person authorized to serve process in the place in which the defendant may be found or appointed by the court for the purpose, or sent by certified, registered, or express mail, postage prepaid, with return receipt requested, by the plaintiff or the plaintiff's attorney to the defendant. The plaintiff or the plaintiff's attorney shall file the return of the serving officer or an affidavit showing that the copy of summons and complaint were served as aforesaid or sent by certified, registered, or express mail as aforesaid, and in the latter case the return receipt signed by the defendant shall be filed with the affidavit. The service shall be complete upon delivery of the required papers to the defendant outside the State, personally or by mail as provided.

(Emphasis added). As indicated, in order for HRS § 634-36 to apply, it must be triggered via HRS §§ 634-33, 634-34, or 634-35. It is undisputed that neither HRS §§ 634-33 nor 634-34 are relevant to this case, and therefore the key question is whether HRS § 634-35 triggers application of HRS § 634-36 in this case.

3

It does not. HRS § 634-35 is Hawaii's long-arm statute and, as to service of process it provides:

> [§634-35] Acts submitting to jurisdiction. . . .
>
> (b)  Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this section, may be made as provided by section 634-36, <u>if the person cannot be found in the State</u>, with the same force and effect as though summons had been personally served within this State.

HRS § 634-35(b) (emphasis added). The record shows that Black was within the State and could be found on the Island of Lana'i when Manderville sought to effect service upon him.

We further note that HRS § 604-7(c) (Supp. 2012) provides that:

> §604-7 Power; venue. . . .
> (c)  A summons or other writ issued by a district court may be served anywhere within the State. A summons or other writ issued by a district court may be served <u>without the State in accordance with</u> section 634-24, 634-25, 634-34, 634-35, or <u>634-36</u>.

(Emphasis added). This statute further underscores that HRS § 634-36 applies to service of process outside the State of Hawai'i.

Even though it appears that Black signed a receipt for the certified mailing of the complaint and summons, this did not cure the jurisdictional defect caused by the improper service of process. <u>Wagner v. World Botanical Gardens, Inc.</u>, 126 Hawai'i 190, 198, 268 P.3d 443, 451 (App. 2011).

Finally, Manderville argues that Black's inexcusable neglect "constitutes legitimate legal grounds for the Court's denial of [Black's] Rule 60(b) motion." This Court, however, previously held that it does not consider the <u>BDM</u> test,[4] in which inexcusable neglect is a factor, "where the default judgment was

---

[4]  Under the <u>BDM</u> test, to grant a Motion to Set Aside a Default Judgment, the court generally must find

> (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act.

<u>BDM, Inc. v. Sageco, Inc.</u>, 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976).

void due to lack of service of process." Wagner, 126 Hawai'i at 196, 268 P.3d at 449. Manderville's argument is thus without merit.

The district court lacked personal jurisdiction over Black because Black was not properly served a copy of the complaint and summons pursuant to DCRCP Rule 4(d) or applicable statutes. When a court lacks personal jurisdiction over the parties, the judgment is void. In re Genesys Data Techs., Inc., 95 Hawai'i 33, 38, 18 P.3d 895, 900 (2001).

Therefore, IT IS HEREBY ORDERED that the Order Denying Defendant's Motion to Set Aside Default Judgment filed on July 2, 2012, and the Default Judgment, filed on March 20, 2012, in the District Court of the First Circuit, Honolulu Division are vacated. The case is remanded to the district court for further proceedings.

DATED: Honolulu, Hawai'i, November 21, 2013.

On the briefs:

Steven J. Kim
(Law Office of Steven J. Kim)
for Defendant-Appellant

Joseph W. Huster
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

5